# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

          Plaintiff,

  v.                                                Case No. 10 MISC 001
                                                        (S.D.N.Y. No. 09 Civ. 8712,
                                                        02 Cr. 1503 (SCR)(LMS))

**DONALD ROTH,**

          Movant.

# DECISION AND ORDER

        Pro se movant Donald Roth ("Roth"), filed this miscellaneous action seeking an order from this Court directing the United States Marshal to serve a subpoena duces tecum upon his estranged wife, Jeanne L. Muskat-Roth ("Muskat-Roth"). Roth provides an address for Muskat-Roth that is located within this District.

        To provide context for the motion, the Court sets forth some relevant background. Roth, a former attorney, is serving a sentence imposed by the United States District Court for the Southern District of New York, after a jury found him guilty of conspiring to commit witness tampering and obstruction of justice in violation of 18 U.S.C. § 371. Roth's conviction was affirmed on appeal in an unpublished decision. *See United States v. St. John*, No. 05-2430-cr(L), 2008 WL 482300 (2d Cir. Feb. 22, 2008).

        On October 14, 2009, Roth filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York. In conjunction

with that pending § 2255 motion, Roth sought an order from that court directing Muskat-Roth to relinquish control over materials related to criminal case and deliver them to him in the Federal Bureau of Prisons ("BOP"). On December 23, 2009, the Southern District of New York Court issued an order denying his motion. The order, attached to Roth's current motion, states "[a]ssuming Mrs. Roth is currently residing in Wisconsin, she is beyond the jurisdiction of this Court. She is not a party to this action. There is no legal basis for issuing any such Order in this matter." (Order 4-5, 09 Civ. 8712 (SCR) (LMS)(S.D.N.Y. Dec. 23, 2009).

In the instant matter, Roth proffers a proposed subpoena duces tecum directing Muskat-Roth to send "all documents, paper, electronic (CD-Rom) relating to [Roth's] criminal matter in the Southern District of New York," to the Federal Correctional Institution in Sandstone, Minnesota. Roth states that Muskat-Roth has the sole control of the legal boxes, laptops, UBS back-up devices that contain files from the above referenced criminal and civil actions from Roth, as well as from his trial and appellate lawyers, Larry Hochheiser, Esq. ("Hochheiser"), and David Lewis, Esq. ("Lewis"). Roth states that he has repeatedly requested the files from Muskat-Roth to no avail.

Roth has attached a consolidated motion to reconsider the December 23, 2009, order, and a supplemental motion to renew/reconsider that renew Roth's request for the material in the possession of Muskat-Roth. However, as of the date of this Decision and Order, neither the motion to reconsider nor the supplemental motion to renew/reconsider dated December 29, 2009, appear on the Southern District of New York docket for Roth's § 2255 action. Thus, as best as this Court can ascertain, Roth has not filed those motions.

2

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides that a judge, "for good cause" may authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. The party requesting discovery must not only provide reasons for the discovery, but also must specify "any proposed interrogatories and requests for admission" and "any requested documents." Rule 6(b) of the Rules Governing Section 2255 Proceeding for the United States District Courts.

In order to meet the Rule 6 requirements, Roth must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery. *See Harris v. Nelson*, 394 U.S. 286, 298-300 (1969). The Supreme Court has defined "good cause" in this context as specific allegations that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris*, 394 U.S. at 300) (internal quotation marks omitted). Rule 6 is meant to be "consistent" with *Harris*. *Bracy*, 520 U.S. at 909 (referring to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts).

In this case, Roth's request for a subpoena duces tecum is overbroad. A § 2255 proceeding is not a fishing expedition. The materials submitted by Roth indicate that he is raising 21 claims for relief in his § 2255 motion. Roth's papers regarding reconsideration of the Southern District of New York Court's December order state that his primary claim is that of bad faith suppression of material that was subject to disclosure under *Brady v. Maryland*,

3

373 U.S. 83, 87 (1963) or *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). Roth is also claiming ineffective assistance of trial counsel that relates Roth's alleged requests for an *Alford* plea and severance from his co-defendant, David St. John ("St. John"), as well as Roth's requests that St. John pay his own legal fees and that William Aronwald, Esq. ("Aronwald) and Hochheiser locate and speak with numerous fact witnesses who could have refuted Rule 404(b) witnesses who testified in relation to prior acts of witness tampering in Orange County. (*See* Supplemental Motion to Renew/Reconsider 6.)

From Roth's submissions, the Court gleans that his *Brady/Giglio* claim is based on the alleged bad faith suppression of material relating to a $5,000 cash payment that Roth indicates the Government made to Charles "Flip" Melvin ("Melvin"), during the trial after Melvin left the witness stand. Roth characterizes Melvin as the Government's "key" witness at Roth's trial. (*See* Roth's letter dated December 23, 2009, to United States District Judge Stephen C. Robinson and United States Magistrate Judge Lisa Smith 2.)

*Brady* holds "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. This obligation encompasses information useful solely for impeaching the credibility of a government witness. *Giglio*, 405 U.S. at 153-55. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

4

"[S]trictly speaking, there is never a real 'Brady violation' unless the [Government's] nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281 (1999).

With respect to Roth's claim of ineffective assistance of trial counsel, a defendant must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that counsel's errors affected the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Neither Roth's conclusory contentions regarding Melvin, nor his sketchy statements with respect to ineffective assistance of counsel present a colorable claim that, if proven, would constitute a constitutional violation. Roth has not presented specific allegations that give this Court reason to believe that Roth may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *See Bracy*, 520 U.S. at 908-09. Thus, Roth has not established "good cause" for the requested subpoena.

In light of the foregoing, Roth's motion for an order directing the United States Marshal to serve a subpoena duces tecum upon Muscat-Roth is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Roth's motion for an order directing service of the subpoena duces tecum is **DENIED;** and

The Clerk of Court is **DIRECTED** to close the file in the instant matter.

Dated at Milwaukee, Wisconsin this 13th day of January, 2010.

> **BY THE COURT**
>
> *s/ Rudolph T. Randa*
> **Hon. Rudolph T. Randa**
> **U.S. District Judge**