UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                            Case No. 10 MISC 001
                                                  (S.D.N.Y. No. 09 Civ. 8712,
                                                  01 Cr. 1503 (SCR) (LMS))

DONALD ROTH,

        Movant.

## DECISION AND ORDER

Pro se Movant Donald Roth ("Roth") filed a motion seeking reconsideration of this Court's January 13, 2010, Decision and Order denying his motion for an order directing the United States Marshal to serve a subpoena duces tecum upon his estranged wife, Jeanne L. Muskrat-Roth ("Muskrat-Roth"). The requested subpoena would have compelled her to relinquish control over materials related to his criminal case and deliver them to the Federal Bureau of Prisons ("BOP"). In its January 13, 2010, Decision and Order, this Court determined that Roth had not met either of the requirements necessary to authorize discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States. *See United States v. Roth*, No. 09 Civ. 8712, 02 Cr. 1503 (SCR) (LMS), 2010 WL 200055, at *3 (E.D. Wis. Jan. 13, 2010).

> To reiterate the Rule 6 requirements:
>
> Rule 6(a) . . . provides that a judge, "for good cause" may authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . . In order to meet the Rule 6 requirements, Roth must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery. . . . "[G]ood cause" in this context [has been defined] as *specific allegations* that give a court "reason to believe that the petitioner may . . . be able to demonstrate that he is . . . entitled to relief."

*Id.* at *2 (quoting *Harris v. Nelson*, 394 U.S. 286, 298-300 (1969)) (emphasis added). This Court concluded that Roth had not made a colorable claim of a constitutional violation, and that his allegations lacked the requisite specificity required for a showing of "good cause" sufficient to permit discovery under Rule 6 of the Rules Governing Section 2255 Proceedings. *Id.* at *3. Roth's claim centered around the government's nondisclosure of cash payments made to a witness, Charles "Flip" Melvin ("Melvin"), who testified against Roth at trial. Roth claimed that, because the information was relevant to Melvin's credibility as a witness, its suppression by prosecutors gave rise to a colorable claim of a constitutional violation, and was therefore discoverable evidence under Rule 6.

This Court explained that, according to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), suppression of evidence by the prosecution constitutes a constitutional violation only where the evidence is material to guilt or to punishment. The test for materiality of evidence is whether there is a "reasonable probability" that disclosure of the evidence would have produced a different verdict; i.e., "a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). However, the Court did not

2

reach the merits of whether Roth's allegations, if proved, met the materiality standard because Roth had not stated his claim with the requisite specificity. *See Roth*, 2010 WL 200055, at *3.

The Court also determined that Roth's request was overbroad. The Court explained that Roth's general request for all materials in the possession of Muskrat-Roth related to his criminal case, in conjunction with the 21 claims raised in his section 2255 motion, amounted to "a fishing expedition." *Id.* at *2.

Although Roth now seeks reconsideration of this Court's decision, the Federal Rules of Civil Procedure do not expressly recognize a "motion to reconsider." *See, e.g., Slater v. Lemens*, No. 08-CV-1037, 2010 WL 307940, at *1 (E.D. Wis. Jan. 19, 2010). As a result, such a motion is treated either as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from a judgment or order under Rule 60(b). *Id.*

Roth filed his motion eight days after this Court issued its decision. He asserts "both the need to prevent a manifest injustice and that the [C]ourt has misapprehended the facts in his initial [motion]" as the basis for his motion to reconsider. (Roth Mot. 1.) Accordingly, it is appropriate to treat his motion as having been brought under Rule 59(e).[1]

---

[1] Historically, which Rule governed turned upon when the motion was filed; a motion filed within ten days after the judgment was treated as a motion under Rule 59(e), and a motion filed later was analyzed under Rule 60(b). *Id.* December 1, 2009, amendments to the Federal Rules of Civil Procedure extended the time limit for filing a Rule 59(e) motion from ten to 28 days; and, accordingly, the period under which a motion to reconsider may be treated as one under Rule 59(e) changed along with it. *See, e.g., Slater*, 2010 WL 307940, at *1. However, even prior to those amendments, the Court of Appeals for Seventh Circuit abandoned a strict temporal approach to determining how motions filed within the time constraints of Rule 59(e) would be treated, choosing instead to focus on the substance of the issue raised in the motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Borrero v. City of Chi.*, 456 F.3d 698, 701-02 (7th Cir. 2006). Thus, even where a motion for reconsideration is filed within the time limit required by Rule 59(e), the grounds for relief asserted in the motion ultimately determine which Rule governs. *Id.*

Rule 59(e) does not set forth any specific grounds for relief, and the Seventh Circuit recognizes only three substantive grounds upon which a Rule 59(e) motion may be based: 1) newly-discovered evidence; 2) an intervening change in the controlling law; and, 3) manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). In essence, a motion for reconsideration under Rule 59(e) "calls into question the correctness of the judgment." *Kladis v. Brezek*, 823 F.2d 1014, 1017 (7th Cir. 1987). The purpose of Rule 59(e) is to provide a means by which a district court may correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Conversely, a Rule 59(e) motion may not be used simply to re-litigate issues that have already been decided. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). The law is clear that Rule 59(e) motions are not the proper vehicle for revisiting issues and recapitulating arguments that were decided by the Court before rendering its original decision. *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D. Ill. 1992). Furthermore, Rule 59(e) motions generally may not be used to cure defects in the original motion. *See Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009).

Significantly, Rule 59(e) motions generally require a lower threshold of proof than Rule 60(b) motions. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001). Rule 60(b) requires a showing of "exceptional circumstances" to prevail, whereas Rule 59(e) requires simply that the moving party "clearly establish" one of the aforementioned

4

grounds for relief. *Id.* Notwithstanding this relatively lower burden, the decision to grant a Rule 59(e) motion remains within the discretion of the district court. *See Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000).

Roth argues that, contrary to this Court's determination, his allegations amounted to a colorable claim of a constitutional violation that, if proven, would entitle him to relief. Despite maintaining that the Court made a manifest error of apprehension in his original motion based upon the evidence he presented with that motion, Roth has submitted several additional documents in an attempt to establish "good cause" for the requested discovery.

Roth has not demonstrated a manifest error of fact or law. Moreover, even if Roth has now submitted sufficient evidence to state a colorable claim under *Brady* and its progeny, a motion to reconsider is not the time or place to introduce evidence that could have been presented in the original motion. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 875 (7th Cir. 1996).

Roth also has pared down the scope of his discovery request in the hope that he can persuade the Court to change its decision. Roth "agrees with this Court that his original subpoena [request] was overbroad and that a section 2255 proceeding is *not* a fishing expedition." (Roth Mot. 3.) Roth has narrowed his request from "all documents, paper, electronic (CD-Rom) [in the possession of Muskrat-Roth] relating to [Roth's] criminal matter," *Roth*, 2010 WL 200055, at *1, to "all documents in . . . Muskrat-Roth['s] possession which relate to Agent Andy Boss, . . . Melvin and any agreement for cooperation the

5

Government entered into with . . . Melvin . . . as it relates to [the particular] cash payment."
(Roth Mot. 3.)

However, a motion to reconsider is not a vehicle by which Roth may correct the defects in his original motion. *See Fannon*, 583 F.3d at 1002. Regardless of whether Roth's current, more narrowly-tailored, discovery request cures the defects of his original request, that issue is not before the Court; the issue before the Court is whether it made a manifest error of fact or law in denying Roth's original motion. Roth has not met his burden of clearly establishing that this Court made such an error. Accordingly, Roth's motion to reconsider this Court's January 13, 2010, Decision and Order is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Roth's motion for reconsideration (Docket No. 4) of this Court's January 13, 2010, Decision and Order is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of April, 2010.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        **Hon. Rudolph T. Randa**
        **U.S. District Judge**